IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ANTHONY WILLIAMS and KATSIARYNA SHASHOLKA, <br><br> *Plaintiffs*, <br><br> v. <br><br> AMERICAN AIRLINES GROUP, INC. d/b/a AMERICAN AIRLINES, PETER SALLES, MICHAEL WILFONG, American Airlines employee, ANGEL RODRIGUEZ, JOHN DOE I Captain/Pilot; and, JOHN DOES II-X, Unknown Persons, <br><br> *Defendants*. | **Complaint** <br><br> Civil Action No.: 1:25-cv-2013 |

# COMPLAINT

COMES NOW, Plaintiffs ANTHONY WILLIAMS (hereinafter ANTHONY) and KATSIARYNA SHASHOLKA (hereinafter KATSIARYNA), by and through their undersigned attorneys, and sues Defendant AMERICAN AIRLINES GROUP, INC. d/b/a AMERICAN AIRLINES (hereinafter AMERICAN), PETER SALLES, MICHAEL WILFONG, American Airlines employee; ANGEL RODRIGUEZ, American Airlines employee, JOHN DOE I, Captain/Pilot; and, JOHN DOES II-X, Unknown Persons, and in support of such states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1

1. This Court has Federal question and supplemental subject matter jurisdiction over this action pursuant to pursuant to 28 USC Section 1332, based upon diversity of citizenship; 42 U.S.C. §1981, and §1988, pursuant to the laws of the State of Florida, and the doctrine of supplemental jurisdiction to obtain compensatory and punitive damages.

2. Venue is proper in this District because Defendants is a foreign for-profit corporation operating its business in the State of Florida. Venue is also proper in this District because the complained of acts herein, which give rise to these causes of action, occurred within the geographical boundaries of this District.

3. At all times material hereto, Plaintiffs were and remain residents of Arizona. Plaintiff ANTHONY is an African American man, and Plaintiff is a KATSIARYNA is a White woman and a Russian national.

4. Defendant AMERICAN, owns and operates its business in the state of Florida, including regularly operating flights out of the Miami International Airport located at 2100 NW 42nd Ave., Miami, Florida 33142. Defendant JOHN DOE I is a pilot/captain employed by AMERICAN who was responsible for the subject flight. JOHN DOES II-X, are unknown AMERICAN employees involved in unlawfully using law enforcement to detain and falsely imprison Plaintiffs after the flight, racial discrimination, and otherwise violating Plaintiffs rights.

5. Defendant PETER SALLES, was a passenger of American Airlines who wrongfully and falsely accused Plaintiff Anthony of human trafficking his own wife.

6. Defendants MICHAEL WILFONG and ANGEL RODRIGUEZ are American Airlines employees who were in the course and scope of his employment at the time of the incident and in furtherance of the business interests of American Airlines.

7. Defendant JOHN DOE I, Captain/Pilot was an employee of American Airlines and in

the course and scope of his employment at the time of the incident and in furtherance of the business interests of American Airlines.

8. Defendants JOHN DOES II-VIII, Unknown Persons, were employees of American Airlines and in the course and scope of their employment at the time of the incident and in furtherance of the business interests of American Airlines.

9. Defendants JOHN DOES IX-X, were employees of American Airlines that made false and racist statements to American Airlines employees reporting that Anthony was human trafficking his own wife.

10. The subject matter of the incident occurred in Miami, Florida.

11. Jurisdiction is proper as the amount in controversy exceeds $75,000.00 exclusive of costs, interest and attorney fees. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 to adjudicate all state-law claims pendent to the federal claims that are the thrust and gravamen of this action. This Court also has independent jurisdiction over the state-law claims under 28 U.S.C. § 1332(a)(1), predicated on diversity of citizenship. These claims are brought by individual residents of Arizona against a corporation domiciled in Fort Worth, Texas, seeking damages in excess of $75,000, exclusive of interest and costs.

12. Venue is proper and this Court has jurisdiction over this matter pursuant to 42 U.S.C. § 1981 in the United States District Court for the Southern District of Florida, within the territorial boundaries of which occurred all or the substantial part of the acts, events, or omissions pertinent and giving rise to this action.

## FACTUAL ALLEGATIONS

13. On or about September 13, 2022, Mr. Anthony Williams, an African American and retired police officer, was falsely accused of human trafficking his own wife Katsiaryna Shasholka,

a White woman, by American Airlines. Anthony and Katsiaryna were on flight number AA2408 with service from Phoenix, Arizona to Miami, Florida, to go on their honeymoon when they were racially profiled, and discriminated against based on their race by employees and/or agents of American Airlines, at Miami International Airport. To wit, an American Airlines passenger named Peter Salles falsely accused our client Mr. Anthony Williams, an African American, of human trafficking his own wife Katsiaryna Shasholka, a White woman, and reported same to American Airlines employees Defendants MICHAEL WILFONG and ANGEL RODRIGUEZ. Defendants MICHAEL WILFONG and ANGEL RODRIGUEZ did not question our clients or conduct any kind of investigation but instead falsely reported to law enforcement that Plaintiff ANTHONY was human trafficking his own wife. Upon landing, our clients were falsely imprisoned by American Airlines employees whom escorted them off of the plane, they were made to wait confused and embarrassed as the other passengers deplaned and walked by them, and then they were questioned by by police officers who worked for the Miami-Dade Police Department, and were detained, falsely imprisoned, questioned, and humiliated. The incident was captured on camera.

14. Defendants had no reason to believe Plaintiff Katsiaryna Shasholka was in any danger; in fact, this is how the married couple appeared on the flight:



15. At all times material hereto, Defendant American owned and/or operated the subject airline flights conducting business at: Miami International Airport located at 2100 NW 42nd Ave., Miami, Florida 33142.  Plaintiffs purchased two seats on AMERICAN Flight Number AA2408.

16. At all times material hereto, AMERICAN employed flight attendants and employees acted on behalf of AMERICAN, in furtherance of their duties and obligations to Defendant AMERICAN and for the benefit of Defendant AMERICAN.  All of AMERICAN's employees' actions and inactions described *infra*, were performed within the scope of their respective employments with AMERICAN, and as actual and/or apparent agents of AMERICAN.  AMERICAN is therefore vicariously liable for any and all tortious injury resulting from the actions of its employees and/or agents.

17. AMERICAN has a pattern and practice and/or custom and policy of racially profiling racial minorities.

18. On September 15, 2023, after flying from Atlanta to Los Angeles, a musician named David Ryan Harris stated that he was accused of trafficking his own children.  Harris

played guitar in John Mayer's band for 20 years and collaborated with Dave Matthews stated that he and two of his sons, Truman and Hendrix, were met at the top of the jetway by an American Airlines employee and four police officers after disembarking the plane. A flight attendant had called ahead with some sort of concern that his biracial children were not his children, because they were unresponsive during an interaction with her.

19. On January 5, 2024 Alvin Jackson, Emmanuel Jean Joseph, and Xavier Veal were traveling from Phoenix to New York's John F. Kennedy International Airport, when they were allegedly kicked off Flight 832 without any valid reason, based solely on their race, and filed a lawsuit against Defendant American. The case is particularly damaging since they didn't know each other and were not sitting near each other, and were all African Americans removed from the plane.

20. Then on February 10, 2024, Pamela Hill Veal, a 70-year-old retired African American Judge Then on February 10, 2024, Pamela Hill Veal, a 70-year-old retired African American Judge was travelling with her husband and her elderly mother who needed assistance on the plane. At the beginning of the flight, Mrs. Hill Veal's husband was asked to give up his seat by a flight attendant at the request of a White male passenger. He declined to give up his seat. Pamela Hill Veal used the restroom during the flight. During the flight a flight attendant falsely accused her of slamming the door on the first-class bathroom and instructed her to use the restroom in the back of the plane. The flight attendants' demand was clearly for a malicious purpose and was racial discrimination, as three White male passengers had also used the first-class lavatory

and the door closed similarly but were not instructed to use the bathroom in the back of the plane. Approximately thirty minutes prior to landing, Ms. Hill Veal used the first-class restroom a final time; and, as she was leaving the restroom the same flight attendant followed her to her seat. After she sat down, he proceeded to point his finger at her, physically touched her left shoulder; and threatened that she was going to be arrested when the plane landed. Upon landing she was escorted off of the plane and met by police who declined to arrest her.

21. As flight operator American and its employees had a duty to protect Plaintiffs from false accusations of criminal misconduct and/or of misconduct that could lead passengers to being removed from the aircraft, threatened with arrest, subjected to racial profiling, harassment, discrimination, false imprisonment, and intentional infliction of emotional distress, and race discrimination in contract and in public transportation as prohibited by Federal law.

22. American's actions actually and proximately caused Plaintiffs to experience mental pain and suffering, sleeplessness, paranoia, panic attacks, fear, anxiety, embarrassment, humiliation, and has suffered monetary damages. Plaintiffs suffered humiliation and anxiety as a result of the incident.

23. Plaintiffs have suffered economic and emotional damages and physical injury in an amount to be proven at trial, but which is alleged to be in excess of $75,000.00 including interest, together with costs and reasonable attorney fees incurred herein, and such other relief as the Court deems just and equitable and file the instant action to demand an award for injuries and damages against same.

**COUNT I: VIOLATION OF 42 U.S.C. § 1981, RACE DISCRIMINATION,**

## AGAINST AMERICAN AIRLINES

24. Plaintiffs incorporates paragraphs 1 through 23, as if fully stated herein.

25. Mr. Anthony Williams, an African American and is a protected class/race pursuant to 42 U.S.C.A. § 1981. At all times relevant, Plaintiffs were in a contractual relationship with AMERICAN for purchase of a flight from Miami, Florida to Phoenix Arizona within the meaning of 42 U.S.C. § 1981, as amended.

26. Plaintiffs purchased two seats on an AMERICAN flight in consideration of being transported by plane from Miami, Florida to Phoenix, Arizona on September 13, 2022. Plaintiffs were removed from the flight by employees and falsely reported to police as engaging in human trafficking, and deprived of the right to enforce and/or receive benefits from the contract with AMERICAN for the said flight due to their race. Namely, the right not to be falsely accused of committing a crime and subjected to false imprisonment and unlawful detention. The right to contracts for flights with AMERICAN based upon the circumstances described above was not denied to White customers. As such, AMERICAN violated 42 U.S.C.A. § 1981(b), as amended.

27. AMERICAN's treatment, practices, and policies directed toward Plaintiffs denied them full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by non-Black citizens, in violation of 42 U.S.C.A. § 1981, as amended.

28. Defendant AMERICAN's treatment, practices and policies directed toward Plaintiffs denied them the right to enforce contracts as enjoyed by AMERICAN's non-Black passengers, in violation of 42 U.S.C.A. § 1981, as amended.

29. Defendant UNITED did not subject its passengers who are not Black citizens to a hostile environment while on flights, unlawfully remove them from an aircraft and have them threatened with arrest, and did subject Caucasian passengers to false imprisonment, embarrassment and humiliation. AMERICAN's disparate treatment of Plaintiffs created a hostile environment, on the basis of Plaintiffs' race under 42 USC § 1981, actions and treatment of Plaintiffs indicated that Defendant UNITED intended to discriminate against Plaintiffs on the basis of race/

30. Defendant AMERICAN had knowledge that its employees had a history of the discriminatory acts directed at Black passengers. Despite knowing about the unlawful actions perpetuated against Plaintiffs, AMERICAN did not take any action to prevent the discriminatory acts directed at Black customers, failed to offer training or supervision to prevent violations of 42 U.S.C. § 1981.

31. The discriminatory environment was so pervasive that it interfered with Plaintiffs' ability to enforce a contract with AMERICAN.

32. As a direct, legal, and proximate and/or "but for" cause of Defendant AMERICAN's discrimination in violation of Section 1981, Plaintiffs suffered embarrassment, humiliation, emotional distress, pain and mental anguish, and other forms of damage; and loss of enjoyment of life, thereby entitling Plaintiffs to damages in an amount to be proven at trial. In its discriminatory actions as alleged above, Defendant AMERICAN acted with malice or reckless indifference to the rights of Plaintiffs, thereby entitling Plaintiffs to an award of punitive damages.

33. **WHEREFORE**, Plaintiffs demand judgment against Defendant AMERICAN, as follows: enter judgment in Plaintiffs' favor for its violations of 42

U.S.C.A. § 1981, as amended; Award Plaintiffs actual damages suffered; Award Plaintiffs compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress, pain and mental anguish and physical injury Plaintiffs have suffered; Award Plaintiffs punitive damages; Award Plaintiffs prejudgment interest on their damages award; Award Plaintiffs reasonable costs and attorney's fees; and Grant Plaintiffs such other and further relief, as this Court deems equitable and just.

### COUNT II: FALSE IMPRISONMENTAGAINST AMERICAN AIRLINES, PETER SALLES, MICHAEL WILFONG, American Airlines employee; ANGEL RODRIGUEZ, American Airlines employee, JOHN DOE I, Captain/Pilot; and, JOHN DOES II-X, Unknown Persons

34. Plaintiffs incorporate paragraphs 1 through 23, as if fully stated herein.

35. As described above, AMERICAN and/or PETER SALLES, MICHAEL WILFONG, American Airlines employee; ANGEL RODRIGUEZ, American Airlines employee, JOHN DOE I, Captain/Pilot; and, JOHN DOES II-X, Unknown Persons, directed and otherwise caused Plaintiffs' physical movements to be kept in custody and/or control of law enforcement, and/or an AMERICAN employee while Plaintiffs were removed from the plane and into the airport and questioned by police officers. At no point did Plaintiffs consent, expressly or effectively, to being publicly detained and/or removed from the plane. AMERICAN AIRLINES, PETER SALLES, MICHAEL WILFONG, American Airlines employee; ANGEL RODRIGUEZ, American Airlines employee, JOHN DOE I, Captain/Pilot; and, JOHN DOES II-X, Unknown Persons, thus caused Plaintiffs to be confined, detained, and restrained against their will.

36. By causing Plaintiffs' confinement, detention, and restraint, AMERICAN AIRLINES, PETER SALLES, MICHAEL WILFONG, American Airlines employee; ANGEL RODRIGUEZ, American Airlines employee, JOHN DOE I, Captain/Pilot; and,

JOHN DOES II-X, Unknown Persons, compelled Plaintiffs to be removed from the plane and did not allow them to control their own movements, stay on the plane and/or leave at their own discretion and without being physically controlled and monitored by third persons, or at least go to a less conspicuous manner so as not to suffer humiliation and embarrassment.

37. AMERICAN AIRLINES, PETER SALLES, MICHAEL WILFONG, American Airlines employee; ANGEL RODRIGUEZ, American Airlines employee, JOHN DOE I, Captain/Pilot; and, JOHN DOES II-X, Unknown Persons, acted intentionally, recklessly, and maliciously. The conduct was sufficiently egregious to entitle Plaintiffs to an award of punitive damages.

38. **WHEREFORE**, Plaintiffs demand judgment against Defendant AMERICAN AIRLINES, PETER SALLES, MICHAEL WILFONG, American Airlines employee; ANGEL RODRIGUEZ, American Airlines employee, JOHN DOE I, Captain/Pilot; and, JOHN DOES II-X, Unknown Persons, as follows: enter judgment in Plaintiffs' favor for its violations including: Award Plaintiffs actual damages suffered; Award Plaintiffs compensatory damages for the embarrassment, anxiety, humiliation and emotional distress and physical injury, Award pain and mental anguish Plaintiffs have suffered; Award Plaintiffs punitive damages; Award Plaintiffs prejudgment interest on their damages award; Award Plaintiffs reasonable costs and attorney's fees; and Grant Plaintiffs such other and further relief, as this Court deems equitable and just.

**COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AT COMMON LAW AGAINST AMERICAN AIRLINES, PETER SALLES, MICHAEL WILFONG, American Airlines employee; ANGEL RODRIGUEZ, American Airlines employee, JOHN DOE I, Captain/Pilot; and, JOHN DOES II-X, Unknown Persons**

39. Plaintiff incorporates paragraphs 1 through 23, as if fully stated herein.

40. Defendant AMERICAN AIRLINES, PETER SALLES, MICHAEL WILFONG, American Airlines employee; ANGEL RODRIGUEZ, American Airlines employee, JOHN DOE I, Captain/Pilot; and, JOHN DOES II-X, Unknown Persons, acted intentionally, recklessly, or both when they accused Plaintiffs of a crime, misconduct and caused them to be subjected to conduct described above.

41. Particularly given the total dearth of reasonable cause to suspect that Plaintiffs had not committed any crime and/or engaged in misconduct, Plaintiffs mistreatment by Defendant AMERICAN AIRLINES, PETER SALLES, MICHAEL WILFONG, American Airlines employee; ANGEL RODRIGUEZ, American Airlines employee, JOHN DOE I, Captain/Pilot; and, JOHN DOES II-X, Unknown Persons, was so outrageously atrocious as to be utterly intolerable in civilized society.

42. The extreme, outrageous conduct by Defendant AMERICAN AIRLINES, PETER SALLES, MICHAEL WILFONG, American Airlines employee; ANGEL RODRIGUEZ, American Airlines employee, JOHN DOE I, Captain/Pilot; and, JOHN DOES II-X, Unknown Persons, toward Plaintiffs was the sort of conduct capable of causing a reasonable person, normally constituted, to experience extreme and severe emotional distress.

43. Plaintiffs did in fact experience extreme and severe emotional distress as a result of Defendant AMERICAN AIRLINES, PETER SALLES, MICHAEL WILFONG, American Airlines employee; ANGEL RODRIGUEZ, American Airlines employee, JOHN DOE I, Captain/Pilot; and, JOHN DOES II-X, Unknown Persons', misconduct directed toward them and Plaintiffs are entitled to recover just compensation.

44. Furthermore, in so acting, Defendant AMERICAN AIRLINES, PETER SALLES, MICHAEL WILFONG, American Airlines employee; ANGEL RODRIGUEZ, American Airlines employee, JOHN DOE I, Captain/Pilot; and, JOHN DOES II-X, Unknown Persons acted intentionally, recklessly, and maliciously. Their conduct was sufficiently egregious to entitle Plaintiffs to an award of punitive damages.

45. **WHEREFORE**, Plaintiffs demand judgment against Defendant AMERICAN AIRLINES, PETER SALLES, MICHAEL WILFONG, American Airlines employee; ANGEL RODRIGUEZ, American Airlines employee, JOHN DOE I, Captain/Pilot; and, JOHN DOES II-X, Unknown Persons, as follows: enter judgment in Plaintiffs' favor for its violations including: Award Plaintiffs actual damages suffered; Award Plaintiffs compensatory damages for the embarrassment, anxiety, humiliation and emotional distress and physical injury, Award pain and mental anguish Plaintiffs have suffered; Award Plaintiffs punitive damages;  Award Plaintiffs prejudgment interest on their damages award; Award Plaintiffs reasonable costs and attorney's fees; and Grant Plaintiffs such other and further relief, as this Court deems equitable and just.

**COUNT IV: GENERAL NEGLIGENCE, COMMON CARRIER AT COMMON LAW AGAINST AMERICAN AIRLINES, MICHAEL WILFONG, American Airlines employee; ANGEL RODRIGUEZ, American Airlines employee, JOHN DOE I, Captain/Pilot; and, JOHN DOES II-X, Unknown Persons**

46. Plaintiff incorporates paragraphs 1 through 23, as if fully stated herein.

47. AMERICAN AIRLINES is considered a common carrier in Florida, as it is an airline that transport passengers.  As a common carrier, AMERICAN had a duty to use the utmost caution to protect its passengers, or the caution that would be used by a very careful and prudent person.  AMERICAN's employees also owe an obligation as common carriers to Plaintiffs.

48. Defendant AMERICAN AIRLINES, MICHAEL WILFONG, American Airlines employee; ANGEL RODRIGUEZ, American Airlines employee, JOHN DOE I, Captain/Pilot; and, JOHN DOES II-X, Unknown Persons, breached the duty owed to Plaintiffs as its passengers, and failed to properly investigate the incident prior to removing Plaintiffs from the plane and falsely accusing Anthony of human trafficking and removing Plaintiffs under threat of arrest, subjecting Plaintiffs to racial profiling, false imprisonment, emotional distress, and humiliation.  AMERICAN's policies and practices, which AMERICAN'S employees and agents whose conduct is described above were adhering to and implementing at all pertinent times, directly, legally, and proximately caused Plaintiffs to experience unlawful denial of services and/or transportation; markedly hostile conduct; racial profiling; unwanted, offensive and unlawful false imprisonment or confinement against one's will; malicious harassment; and intentionally, recklessly, or negligently caused extreme and severe emotional distress.

49. Due to multiple prior incidents of racial discrimination on AMERICAN's flights, AMERICAN knew that its policies and practices in place at the time of the incident, created a substantial and unjustifiable risk that non-White customers would be subject to unlawful denial of services; markedly hostile conduct; racial profiling; unwanted, offensive and  unlawful false imprisonment or confinement against one's will; malicious harassment; and intentionally, recklessly, or negligently caused extreme and severe emotional distress. It had failed to correct these conditions, as evidenced by what Plaintiffs experienced.

50. As the owner and the operator of AMERICAN flight, AMERICAN had a duty to take the utmost caution to protect its business invitees in that establishment, including Plaintiffs, as well as other persons, against unlawful denial of services; markedly

hostile conduct; racial profiling; unwanted, offensive and unlawful false imprisonment or confinement against one's will; yet negligently caused extreme and severe emotional distress. AMERICAN failed to take such precautions on the date of the incident, as evidenced by what Plaintiffs experienced.

51. The above-described conditions, which Defendant AMERICAN AIRLINES, MICHAEL WILFONG, American Airlines employee; ANGEL RODRIGUEZ, American Airlines employee, JOHN DOE I, Captain/Pilot; and, JOHN DOES II-X, Unknown Persons, either created or failed to remedy or mitigate, caused Plaintiffs to experience extreme and severe anxiety, embarrassment, fright, humiliation, shame, and other mental distress.

52. **WHEREFORE**, Plaintiffs demand judgment against Defendant AMERICAN AIRLINES, PETER SALLES, MICHAEL WILFONG, American Airlines employee; ANGEL RODRIGUEZ, American Airlines employee, JOHN DOE I, Captain/Pilot; and, JOHN DOES II-X, Unknown Persons, as follows: enter judgment in Plaintiffs' favor for its violations including: Award Plaintiffs actual damages suffered; Award Plaintiffs compensatory damages for the embarrassment, anxiety, humiliation and emotional distress and physical injury, Award pain and mental anguish Plaintiffs have suffered; Award Plaintiffs prejudgment interest on their damages award; Award Plaintiffs reasonable costs and attorney's fees; and Grant Plaintiffs such other and further relief, as this Court deems equitable and just.

### COUNT V: NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION AT COMMON LAW AGAINST AMERICAN AIRLINES

53. Plaintiff incorporates paragraphs 1 through 23, as if fully stated herein.

54. As employer, principal, and supervisor of the employees and agents whose actions are described above, AMERICAN had a duty exercise reasonable care in the hiring and makeup of its workforce to protect its business invitees, including Plaintiffs, and other persons, against unlawful denial of services; markedly hostile conduct; racial profiling; unlawful false imprisonment or confinement against one's will; malicious harassment; and intentionally, recklessly, or negligently caused extreme and severe emotional distress.

55. Prior to September 13, 2022, AMERICAN failed to exercise such care with respect to its employees and agents whose conduct is described above. Had AMERICAN exercised appropriate care over its workforce, Plaintiffs would not have been dealing with the AMERICAN employees and agents whose conduct is described above, and thus would not have been subjected to such markedly hostile, highly offensive conduct.

56. The markedly hostile, highly offensive conduct to which AMERICAN's employees and agents subjected Plaintiffs to caused them to experience extreme and severe anxiety, embarrassment, fright, humiliation, shame, and other mental distress.

57. **WHEREFORE**, Plaintiffs demand judgment against Defendant AMERICAN as follows: enter judgment in Plaintiffs' favor for its violations including: Award Plaintiffs actual damages suffered; Award Plaintiffs compensatory damages for the embarrassment, anxiety, humiliation and emotional distress and physical injury, Award pain and mental anguish Plaintiffs have suffered; Award Plaintiffs prejudgment interest on their damages award; Award Plaintiffs reasonable costs and attorney's fees; and Grant Plaintiffs such other and further relief, as this Court deems equitable and just.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs ANTHONY WILLIAMS (hereinafter ANTHONY) and

KATSIARYNA SHASHOLKA (hereinafter KATSIARYNA), by and through their undersigned attorneys, and sues Defendant AMERICAN AIRLINES GROUP, INC. d/b/a AMERICAN AIRLINES (hereinafter AMERICAN), PETER SALLES, MICHAEL WILFONG, American Airlines employee; ANGEL RODRIGUEZ, American Airlines employee, JOHN DOE I, Captain/Pilot; and, JOHN DOES II-X, Unknown Persons, for damages as set forth herein in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

DATED this **9th** day of January, 2025.

Respectfully submitted,

 /s/Jasmine Rand
**Jasmine Rand, Esquire**
FBN: 0077047
**RAND LAW, L.L.C.**
2525 Ponce de Leon Blvd., Ste. 300
Miami, Florida 33134
(305) 906-6400 Telephone
(305) 503-9235 Facsimile
*Attorney for Plaintiffs*